UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD DALE BURSTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV32 LMB |
| | ) | |
| PAMELA LACEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 513412), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #3]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one. When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). Based upon plaintiff's insistence that he currently is lacking in funds and is pursuing several cases in this Court at the same time, the Court will assess an initial partial filing fee of $1.00.[1]

---

[1] The Court notes that in an earlier case before this Court, plaintiff filed a certified copy of his prison account statement that showed an average monthly deposit of $143.33 and an average monthly balance of $104.08. See Burston v. Missouri Dept. of Corr., 1:11CV221 HEA (E.D. Mo.). In that case, the Court assessed an initial partial filing fee of $28.67 which plaintiff has paid.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court

must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Northeast Correctional Center, brings this action under 42 U.S.C. § 1983 against two employees of Correctional Medical Services/Corizon (hereinafter referred to as "CMS"). Named as defendants are Pamela Lacey (nurse) and Stephanie Novak (nurse).

Plaintiff's allegations against defendants relate to violations of his constitutional rights which purportedly occurred during his incarceration at Southeast Correctional Center ("SECC"). Plaintiff asserts that on May 18, 2011, defendant Lacey deliberately gave him the wrong medication for his HIV and made him take the medication even when he pointed out that it was not his medication. Plaintiff states that defendant Lacey gave him the wrong medication in retaliation for his complaints against her and other nurses assigned to SECC relating to their failure to give him proper medical care. Plaintiff states that after receiving the wrong medication he became very sick and nearly died. He states that he reported the retaliatory actions

of defendant Lacey to her nurse supervisor, defendant Novak, but that defendant Novak first ignored him and then "laughed" at his complaints. Plaintiff claims that defendant Novak has refused to provide him medical treatment on more than one occasion for a sore throat (as a result of his HIV), has allowed his HIV medication to run out despite his obvious needs, and she has also refused to provide him with medication and attempted to give him the wrong medication. Plaintiff claims that defendant Novak has also refused to allow plaintiff to be seen by an HIV specialist "in retaliation for [him] rejecting her sexual advances wherein she acted inappropriately toward [him], 'blowing kisses,' 'patting her butt,' 'etc.'"

Plaintiff brings this action against defendants Lacey and Novak in both their official and individual capacities, and he seeks both monetary damages and injunctive relief.

**Discussion**

Plaintiff's claims against defendants Lacey and Novak in their individual capacities for deliberate indifference to his serious medical needs and for retaliation state a claim for relief under 28 U.S.C. § 1915.

However, plaintiff's claims against the defendants in their official capacities are subject to dismissal, as plaintiff has not made any allegations that a custom or policy of CMS was responsible for the alleged violations of plaintiff's constitutional

rights. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

Plaintiff's motion for appointment of counsel will be denied at this time. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Pamela Lacey and Stephanie Novak. Defendants shall be served in accordance with the waiver agreement maintained by this Court and Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Pamela Lacey and Stephanie Novak shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against

the defendants because as to these claims the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  11th  day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE